The Honorable Steve Faris State Representative Rt. 2, Box 365 Malvern, Arkansas 72104-9625
Dear Representative Faris:
This official Attorney General opinion is issued in response to your recent questions regarding authority given to the Arkansas Judicial Council by Act 864 of 1989. The Arkansas Judicial Council is made up of all trial and appellate judges in the State of Arkansas. Act 864 empowered the Judicial Council to:
 develop criteria for new judgeships or redistricting of the circuit and chancery court districts of this state and to make recommendations to the regular or special session of the General Assembly regarding the number and boundaries of the circuit and chancery court districts in the state, the number and types of judges in each of such districts, and such other matters regarding circuit and chancery courts in the state as it determines to be appropriate.
Acts 1989, No. 864 [A.C.A. § 16-10-501].
You have presented the following questions:
 (1) Does Act 864's delegation of legislative authority to the Arkansas Judicial Council violate Article 4, §§ 1 and 2 of the Arkansas Constitution?
 (2) If the Judicial Council's recommendations under Act 864 are merely advisory and are not unconstitutional, is the General Assembly bound to follow those recommendations?
RESPONSE
Question 1 — Does Act 864's delegation of legislative authority to theArkansas Judicial Council violate Article 4, §§ 1 and 2 of the ArkansasConstitution?
It is my opinion that Act 864's delegation of authority to the Judicial Council does not violate Article 4, §§ 1 and 2 of the Arkansas Constitution.
Article 4, §§ 1 and 2 of the Arkansas Constitution express the principle of separation of powers, as follows:
1. Departments of government.
 The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confided to a separate body of magistracy, to wit: Those which are legislative to one, those which are executive to another, and those which are judicial to another.
2. Separation of departments.
 No person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted.
ARK. CONST., art. 4, §§ 1 and 2.
The Arkansas Supreme Court has considered numerous cases in which the members of a particular branch of government were delegated responsibilities not typically performed by that branch. In deciding those cases, the court has established criteria for determining when such delegations are permissible.
With regard to delegations to the judicial branch, the court has stated that it is permissible for courts to perform non-judicial functions, if those functions are related to the "administration of justice." See,e.g., Spradlin v. Arkansas Ethics Comm'n, 314 Ark. 108, 858 S.W.2d 684
(1993); Oates v. Rogers, 201 Ark. 335, 144 S.W.2d 247 (1940).
The court has also stated: "While the General Assembly may not delegate its legislative authority, it may by providing guidelines, delegate `the power to determine certain facts, or the happening of a certain contingency, on which the operation of the statute is by its terms made to depend.'" Venhaus v. State ex rel Lofton, 285 Ark. 23, 684 S.W.2d 252
(1985), citing Walden v. Hart, 243 Ark. 650, 420 S.W.2d 868 (1967). TheVenhaus court also quoted a similar statement of this rule from Hookerv. Parkin, 235 Ark. 218, 225, 357 S.W.2d 534, 539, (1962), as follows:
 The Legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the lawmaking power, and must therefore be a subject of inquiry and determination outside the halls of legislation.
Id., 235 Ark. at 225, 357 S.W.2d at 539.
The authority granted to the Judicial Council by Act 864 appears, in my opinion, to fall squarely within the above-quoted description of permissibly delegable power. It directs the council to recommend criteria for new judgeships, for the redistricting of court districts, and related matters. This responsibility appears to be directly related to the administration of justice. The Act does not empower the council to make any law with regard to these matters, but rather only to make recommendations upon which the General Assembly can make laws. The Act specifically provides that such laws must proceed in the usual fashion, through the introduction of bills which are to be referred to the House and Senate Judiciary Committees. See Acts 1989, No. 864, § 4 [A.C.A. §10-2-124(a)]. It is notable that by the express terms of Act 864, the General Assembly can, by suspension of the Joint Rules of the House and Senate, reject the council's recommendations and can act upon the proposed bills without any certification that the council's recommendations have been complied with. See Acts 1989, No. 864, § 4 [A.C.A. § 10-2-124(c)].
For these reasons, I conclude that Act 864's delegation of authority to the Judicial Council does not violate the separation of powers doctrine.
Question 2 — If the Judicial Council's recommendations under Act 864 aremerely advisory and are not unconstitutional, is the General Assemblybound to follow those recommendations?
It is my opinion that the General Assembly is not bound to follow any recommendations made by the Arkansas Judicial Council.
As noted in response to Question 1, Act 864 specifically provides that the General Assembly is not bound by the council's recommendations, but rather, can, by suspension of the Joint Rules of the House and Senate, reject such recommendations and act upon a bill that does not comply with the council's criteria. See Acts 1989, No. 864, § 4 [A.C.A. §10-2-124(c)].
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh